**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blacburn**

Civil Action No. 05-cv-00527-REB-CBS

LLOYD D. SLOAN,

    Plaintiff,

v.

MICHAEL V. PUGH,
RANDY M. WATSON,

    Defendants.

_____

**ORDER RE: MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(B)(6)**
_____

**Blackburn, J.**

The matter before me is defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e) [#22], filed July 29, 2005. I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). I grant the motion to dismiss in part and deny it in part, and grant the motion for a more definite statement.

This suit arises from the erroneous calculation of the expiration of plaintiff's sentence, resulting in his incarceration for an additional 127 days past the date on which his sentence actually expired. In 2000, plaintiff filed a habeas petition challenging the BOP's calculation of his sentence, which Judge Nottingham granted. *See Sloan v. Pugh et al.*, Civil Action No. 00-N-67. In this suit, plaintiff seeks damages for the miscalculation of his sentence, claiming violation his rights under the

Fourth, Fifth, and Eighth Amendments.  Defendants have moved to dismiss the complaint for failure to state a claim, or alternatively, seek a more definite statement under Fed.R.Civ.P. 12(e).

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also **Daigle v. Shell Oil Co.***, 972 F.2d 1527, 1533 (10th Cir.1992).  The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true. ***Robinson v. City and County of Denver*** 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing ***Daigle***, 972 F.2d at 1533).  However, I need not assume that plaintiff "can prove facts which [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." ***Associated General Contractors of California, Inc. v. California State Council of Carpenters***, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

Defendants' principal argument is that they are entitled to qualified immunity because plaintiff has failed to allege the violation of a constitutional right.[1]  However, a

---

[1] Defendants have advisedly withdrawn their arguments regarding plaintiff's alleged failure to exhaust administrative remedies and his inability to seek compensatory damages absent proof of physical injury.  Neither of these arguments, which are premised on the application of section 1997e of the Prisoner Litigation Reform Act, applies to persons no longer incarcerated.

prisoner has a constitutional right, founded on either the Fifth or Eighth Amendment,[2] or both, not to be imprisoned past the date his sentence expires.[3]  **See, e.g.**, **Davis v. Hall**, 375 F.3d 703, 712-14 (8th Cir. 2004) (citing cases); **Calhoun v. New York State Division of Parole Officers**, 999 F.2d 647, 653-54 (2nd Cir. 1993); **Mitchell v. New Mexico Department of Corrections**, 1993 WL 191810 at *3 (10th Cir. June 1, 1993); **Sample v. Diecks**, 885 F.2d 1099, 1109-10 (3rd Cir. 1989); **Haygood v. Younger**, 769 F.2d 1350, 1354-56 (9th Cir. 1985) (en banc), **cert. denied**, 106 S.Ct. 3333 (1986); **Douthit v. Jones**, 619 F.2d 527, 535-36 (5th Cir. 1980).  Nevertheless, to make out such a claim under the Eighth Amendment, it must be shown that defendants acted with deliberate indifference to whether plaintiff suffered an unjustified deprivation of his liberty.  **Diecks**, 855 F.2d at 1110; **Haygood**, 769 F.2d at 1354.  Similarly, to establish a violation of due process, plaintiff must show that defendants were guilty of more than mere negligence.  **See Daniels v. Williams**, 474 U.S. 327, 334, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

Here, the complaint states nothing more than the bare-bones allegation that defendants, "acting intentionally . . . caused [his] imprisonment."  (Complaint at 1-2, ¶¶ 7 & 8.)  Although an allegation of intentional action may adequately imply deliberate

---

[2]  Plaintiff cites to no case, and I have found none, holding that the Fourth Amendment creates a constitutional right under circumstances similar to those implicated in this case.  Assuming *arguendo* that such a right exists in this context, it would not be clearly established.  This claim therefore will be dismissed.

[3]  In their reply brief, defendants further argue that plaintiff has failed to show that his constitutional right not to be incarcerated past the date of his lawful release was not clearly established at the time of defendants' actions.  As the above-cited list of precedents should make abundantly clear, the clearly established weight of authority is to the contrary.  **See Murrell v. School District No. 1, Denver, Co.**, 186 F.3d 1238, 1251 (10th Cir. 1999) (right is clearly established if "clearly established weight of authority from other circuits" recognizes such right).

indifference, where qualified immunity is implicated,

> [i]t is not sufficient for the complaint merely to incant "deliberate indifference." "There must be some indication that, if the matter proceeds beyond this threshold level, such allegations can be supported by specific facts." . . . Sweeping, conclusory allegations are insufficient. . . . [T]he inmate's claim must set out sufficient facts to establish acts of deliberate indifference.

*Ross v. United States*, 641 F.Supp. 368, 374 (D.D.C. 1986) (quoting *Jones v. Morris*, 777 F.2d 1277, 1280 n.5 (7th Cir. 1985)).  Other than the mere fact of the miscalculation, plaintiff's complaint fails to set forth any factual detail to suggest that plaintiff's acted with deliberate indifference or were more than merely negligent in effecting his continued incarceration.  Moreover, there are no factual allegations showing how either defendant was personally involved in the alleged constitutional deprivations.  Plaintiff's arguments to the contrary are nothing more than an advocate's gloss on the allegations of the complaint.

Nevertheless, given the apparently non-frivolous nature of plaintiff's allegations, I conclude that they should not be dismissed outright and that plaintiff should be afforded an opportunity to replead his claims if possible within the confines of Fed.R.Civ.P. 11.

**THEREFORE, IT IS ORDERED**, as follows:

(1) That defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e) [#22], filed July 29, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

(2) That the motion is **GRANTED** with respect to plaintiff's claims under the

Fourth Amendment, and those claims are **DISMISSED WITH PREJUDICE**;

(3) That the motion is further **GRANTED** insofar as it requests a more definite statement of the claims;

(4) That plaintiff **SHALL FILE** an amended complaint within **thirty (30) days** of this order setting forth specific factual allegations supporting his claims; and

(5) That in all other respects, the motion is **DENIED**.

Dated October 3, 2005, at Denver, Colorado.

> BY THE COURT:
>
> s/ Robert E. Blackburn
> Robert E. Blackburn
> United States District Judge